R. Bret Beattie, Esq., SBN: 150068
**JAVAHERI & YAHOUDAI**
A Professional Law Corporation
1880 Century Park East, Suite 717
Los Angeles, California 90067
Telephone: (310) 407-0766
Facsimile: (310) 407-0767

Attorneys for Plaintiff, PETER WOODS, individually and as
heir and personal representative of THE ESTATE OF LEWIS NYARECHA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WOODS, individually and as heir and personal representative of THE ESTATE OF LEWIS NYARECHA, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES; DEPUTY SHERIFF STEELE, DEPUTY SHERIFF CRUZ, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES:** <br><br> 1. **NEGLIGENCE (Cal. Gov. Code §§ 815.2(a), 820(a), 844.6(d));** <br> 2. **RIGHT OF FAMILIAL ASSOCIATION (42 U.S.C. § 1983);** <br> 3. **FAILURE TO PROPERLY SCREEN AND HIRE (42 U.S.C. § 1983);** <br> 4. **FAILURE TO TRAIN AND SUPERVISE (42 U.S.C. §1983);** <br> 5. **VIOLATION OF CAL. GOV. CODE § 845.6** <br><br> **[JURY TRIAL DEMANDED]** |

COMES NOW, Plaintiff, PETER WOODS, individually and as heir and personal representative of THE ESTATE OF LEWIS NYARECHA brings his Complaint as follows:

///

///

---

1
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## **INTRODUCTION**

1. This is a civil rights action seeking monetary damages from Defendants for violating various rights under the United States Constitution and California state law in connection with the detention and death of Decedent LEWIS NYARECHA, hereinafter ("Decedent"), son of PETER WOODS, hereinafter ("Plaintiff").

2. Decedent was a detainee of Los Angeles County Twin Towers Detention Facility hereinafter ("TTDF") located at 450 Bauchet Street, Los Angeles, CA 90012, within the COUNTY OF LOS ANGELES ("COUNTY") and is operated, maintained, staffed and otherwise controlled by the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("LASD").

3. Plaintiff brings his Complaint pursuant to the provisions of 42 USC sec. 1983 for the deprivation of civil rights secured to the decedent.

## **PARTIES**

4. Plaintiff is the father of Decedent; at all times relevant herein, Plaintiff has been an individual residing in the County of Anoka, Minnesota.

5. Plaintiff is the and Successor-In-Interest to THE ESTATE OF LEWIS NYARECHA hereinafter ("Estate"); Plaintiff and Estate shall be collectively referred to as "Plaintiffs".

6. At all times relevant herein, Defendant COUNTY is now, and at all times herein mentioned was, a government entity within the State of California, that owns, operates, manages, directs and controls the LASD, a law enforcement agency and governmental subdivision of the COUNTY, both located in the COUNTY OF LOS ANGELES.

7. Defendant, DEPUTY SHERIFF STEELE ("Deputy Steele or Steele") at all material times was employed as a jail deputy by the LASD. On information and belief, Deputy Steele is, and at all times mentioned herein was, a resident of the County of Los Angeles, State of California.

8. Defendant, DEPUTY SHERIFF CRUZ ("Deputy Cruz or Cruz") at all material times was a jail deputy by the LASD. On information and belief, Deputy Cruz is, and at all times mentioned herein was, a resident of the County of Los Angeles, State of California.

///

9.   Defendant TTDF DEPUTY DOE ("TTDF Deputy") is and at all times mentioned herein was a resident of the State of California and County of Los Angeles.  At all times relevant to the acts and omissions herein alleged, TTDF Deputy was a deputy, and acted in the course and scope of his/her employment with the COUNTY and the LASD.

10. Defendant COUNTY, through its component departments run, operate, oversee, administer, supervise, and are otherwise responsible for the conduct of LASD and TTDF officers, deputies, employees, agents and/or other representatives, including acts and omissions of LASD and TTDF officers, deputies, employees, agents and/or other LASD and TTDF representatives.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant, Defendants COUNTY, by and through its Administrators  possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the LASD, including those individuals charged with housing, overseeing, and protecting individuals incarcerated in TTDF, and to assure that said actions, policies, rules, regulations, practices and procedures of the LASD, the TTDF and its employees and agents comply with the laws and constitutions of the United States and the State of California.

12. The true names and capacities, whether individual, corporate, public or otherwise of defendants sued herein as DOES 2-100, Inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names pursuant to Code of Civil Procedure §474.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiffs' damages alleged were proximately caused by those defendants.  Plaintiffs will amend this Complaint to show such true names and capacities when they have been determined.  Each reference in this Complaint to "defendant," "defendants" or a specifically named defendant shall include reference to all defendants, including fictitiously named defendants, unless the context indicates otherwise.

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

13. LASD officers, sued herein as DOES 2-75, are and were at all times relevant hereto, officers, sergeants, captains, commanders, lieutenants, supervisors and/or civilian employees, agents, and representatives of LASD, acting within their capacity as employees, agents and servants of Defendant COUNTY. Said defendants are sued individually and in their capacity as sheriffs, sergeants, captains, lieutenants, commanders, supervisors and/or other officers, employees, agents or representatives for LASD, a department and subdivision of Defendant COUNTY.

14. At all times herein relevant, Defendant DOES 76-100 were captains, sergeants, lieutenants, commanders, medical personnel and others in supervisorial positions, and chief policy makers acting under color of law, under the color of statutes, ordinances, regulation, policies, customs, practices, and usages of Defendant County, its LASD and the State of California.

15. At all times relevant hereto, Defendants Steele, Cruz, and DOES 2-100 (collectively "Defendants"), inclusive, and each of them, were acting within the course and scope of their employment as officers and employees of COUNTY, which is liable pursuant to sections 815.2, 820, and 845.6 of the California Government Code.

### STATEMENT OF FACTS

16. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

17. Decedent was a detainee of TTDF located at 450 Bauchet Street, Los Angeles, CA 90012, on or around May, 2018 until his death on or around June 6, 2018.

18. On or around June 6, 2018, decedent, who had missed the prior evening meal and breakfast that morning was found unresponsive in his upper bunk by Defendants Steele and Cruz.

///

///

///

---

4
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

19. On or around June 6, 2018, Defendants forcibly pulled decedent from the top bunker and in doing so negligently caused a severe blow to decedent's head when they mishandled his person, causing him to be dropped to the floor while striking his head on a built-in table next to the bunk bed.

20. On or around June 6, 2018, within a short time of the above event, decedent was pronounced dead by medical staff at TTDF.

21. Autopsy and toxicology reports of decedent disclosed a nearly three times the lethal level of the drug quetiapine in his system, which contributed to his death, said drug having been prescribed, administered and increased in dosage by 300% by DOE Defendant medical personnel at TTDF.

22. Defendants were aware that the dosing and administering of the drug quetiapine required close monitoring and frequent bloodwork to avoid this precise danger.

23. TTDF personnel were aware that persons with the decedent's medical condition must be closely monitored.

24. Decedent was placed in a cell where he was to be monitored and checked every fifteen minutes.

25. Decedent was not checked for a period of many hours starting the evening prior to his death when he failed to leave his cell for dinner.

26. Defendants knew or had reason to know that Decedent was in need of immediate medical care.

27. Defendants failed to summon immediate medical attention for Decedent upon discovering him in an unresponsive state in his bunk bed on June 6, 2018.

28. At all times relevant hereto, County administrators by and through the Sheriff's Department were responsible for the training of all officers of Defendant COUNTY and TTDF in the proper handling of prisoners in the performance of their duties as officers. Defendants TTDF Deputy Steele, Deputy Cruz and all TTDF Doe defendant medical personnel and DOES 2-100 were trained by the COUNTY, at the direction, special insistence, and under the control of the Sheriff Department administrators  in the handling and detention of prisoners in accordance with

the statutes, ordinances, regulations, customs, and usages of the Defendant COUNTY and the State of California.

29. Sheriff deputies were also responsible for enforcing the regulations of the TTDF and for ensuring that law enforcement personnel of the TTDF obeyed the laws of the State of California and the United States of America.

30. Defendant, COUNTY, by and through its supervisory employees and officials, have been on notice through complaints, both formal and informal, that its officers have repeatedly engaged in a pattern and practice of purposefully abridging the rights, constitutional and otherwise, of persons within their jurisdiction. Despite such notice, the COUNTY, Deputy Steele, Deputy Cruz and Defendant medical personnel, and certain of the DOE DEFENDANTS, and each of them, demonstrated deliberate indifference to this pattern and practice of violations of rights by failing to take necessary, appropriate, or adequate measures to ensure the cessation of such conduct. This deliberate indifference of the Defendants amounts to an informal policy or custom, and ratification, said policy or custom ratified being another proximate cause of the death of the Decedent.

31. As a direct and proximate result of the acts and/or omissions of the Defendants, Decedent, before his death, suffered extreme pain and suffering, general damages, and emotional distress.  Decedent did not die immediately and suffered significantly in the time leading up to his death, from the combined lethal toxicity caused by deliberate overdosing by medical personnel and the mishandling of decedent from his upper bunk which further traumatized his head and body, all to the Estate's damage in an amount to be determined according to proof.

32. The acts and/or omissions of Defendants, and each of them, were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Decedent.  Plaintiff therefore prays for an award of punitive and exemplary damages against these individual defendants but not the COUNTY in an amount to be determined according to proof.

33. The conduct of Defendants, and each of them, directly and proximately resulted in Decedent sustaining physical and emotional injuries, as well as his death, all to Plaintiffs'

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

detriment and in an amount that exceeds the jurisdictional requirements of this Court. Furthermore, said Defendants' conduct constituted direct violations of Decedent's rights as established in both the United States and California Constitutions.

## FIRST CAUSE OF ACTION
### Negligence (Cal. Government Code §§ 815.2(a), 820(a), 844.6(d))
### (Against Defendants COUNTY, TTDF Deputies Steele and Cruz, and DOES 2-100, inclusive)

34. Plaintiff hereby re-alleges all prior paragraphs of this Complaint and incorporate by reference as though fully set forth herein.

35. By virtue of the foregoing, Defendants, individually and collectively, and Does 2-100 owed Decedent a duty of due care, and that duty was breached by Defendants' negligence and failure to exercise due care in Decedent's detention.

36. As a direct and proximate cause of the aforementioned acts or inaction of Defendants, Plaintiff was injured as set forth above, and deprived of the love, affection, companionship and support of his son and is therefore entitled to compensatory damages according to proof at the time of trial.

## SECOND CAUSE OF ACTION
### Rights of Familial Association, 42 U.S.C. § 1983
### (Against all Defendants and DOES 2-100, inclusive)

37. Plaintiff hereby re-alleges all prior paragraphs of this Complaint and incorporate by reference as though fully set forth herein.

38. Plaintiff's Decedent held a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference with the familial relationship with his father.

39. Defendants acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiff to be free from unwarranted interference with his familial relationship with his son.

40. Defendants as a matter of custom, practice and policy violated the Fourteenth Amendment

---

7
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

rights of Plaintiff to be free from unwarranted interference with his familial relationship with his son.

41. As a direct and proximate cause of Defendants' deprivations and violations of Plaintiff's Fourteenth Amendment rights, Plaintiff has been deprived of the familial love, society and companionship of his son and is continuing to be permanently so deprived.

42. As a further result of the foregoing, Plaintiff is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

43. In committing the acts described above, Plaintiff is informed and believes that Defendants acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages under 42 U.S.C. § 1983 against these Defendants in an amount according to proof at time of trial.

## THIRD CAUSE OF ACTION
### Failure to Properly Screen and Hire, 42 U.S.C. § 1983
### (Against all Defendants)

44. Plaintiff hereby re-alleges all prior paragraphs of this Complaint and incorporates by reference as though fully set forth herein.

45. Defendant County by and through its Sheriff's Department had a custom, practice and policy to ignore negative reviews and/or demerits in the personnel files of applicants to TTDF.

46. Defendant County by and through its Sheriff's Department had a custom, practice and policy to not test the emotional and/or psychological stability of applicants to CRDF.

47. Due to the above, Defendant County failed to adequately and properly screen and hire TTDF staff.

48. The above-mentioned failures of Defendants to properly screen and hire the TTDF Deputies and medical personnel in the exercise of their functions, were deliberately indifferent to the Constitutional rights of Decedent and done with conscious disregard for the dangers of harm and injury to Decedent and others similarly situated.

///

49. The above-mentioned failures of Defendants as a matter of policy, custom and practice, in the exercise of their functions, were deliberately indifferent to the Constitutional rights of Decedent and done with conscious disregard for the dangers of harm and injury to Decedent and others similarly situated.

50. Due to the aforementioned actions or inaction of the Defendants the failure to properly screen and hire competent and qualified TTDF staff and the continued employment of the TTDF Deputies and medical personnel created a clear and present danger to the residents of the County of Los Angeles.

51. Furthermore, the lack of adequate screening and hiring practices mentioned in this Complaint by Defendants evidences a deliberate indifference to the rights of Decedent and others in detention.

52. Therefore, Defendants acting with deliberate indifference, disregarded a duty to protect the public from official misconduct.

53. The conduct alleged herein violated Decedent's rights alleged above which has legally, proximately, foreseeably and actually caused Plaintiff to suffer damages according to proof at the time of trial.

54. Plaintiffs are also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

55. In committing the acts described above, Plaintiffs are informed and believe Defendants acted with oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages against Defendants in an amount according to proof at time of trial.

### FOURTH CAUSE OF ACTION
**Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983**
**(Against All Defendants)**

56. Plaintiff hereby re-alleges all prior paragraphs of this FAC and incorporate by reference as though fully set forth herein

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

57. Defendants failed to properly train, supervise, discipline and/or institute corrective measures against TTDF Deputies and medical personnel in regard to their individual duty to respect and protect inmates such as decedent from cruel and unusual punishment, such as deliberate lethal drug overdose and toxicity and traumatic head injury from being dropped by deputies.

58. Defendants failed to discipline and/or institute corrective measures against TTDF Deputy Steele, Deputy Cruz, the Doe defendant medical staff and DOES 1-75 when the Decedent was found wrongfully dropped from his upper bunk and allowed to slam into a table while in a helpless and unresponsive state and in inducing the helpless state of decedent by reason of deliberate drug overdose and lethal toxicity.

59. The above-mentioned failures of Defendants demonstrate that they failed to maintain adequate and proper training for TTDF staff necessary to protect to the Constitutional rights of detainees to be free from cruel and unusual punishment, including deprivation of necessary medical care and careless mishandling of impaired inmates in removing them from bed.

60. Defendants further failed to provide adequate supervision and discipline to TTDF staff per the aforementioned inactions. Defendants also failed to promulgate and enforce adequate policies and procedures related to summoning immediate medical attention for persons in need of medical care as demonstrated by the fact that Decedent was being subjected to increasing dosages of quetiapine without proper evaluation and testing being done.

61. As demonstrated above, Defendants, as a matter of custom, practice, and policy failed to maintain adequate and proper training for TTDF staff necessary to said staff as to the Constitutional rights of detainees, to be free from cruel and unusual punishment, including deprivation of necessary medical care and careless mishandling of impaired inmates in removing them from bed.

62. Defendants as a matter of custom, practice, and policy included a failure to adequately investigate, supervise and discipline offending officers and medical personnel prior to June 6, 2018 when decedent was being subjected to improper increases of medication to a toxic and ultimately lethal level.

63. Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

64. The failure to promulgate or maintain constitutionally adequate policies regarding training was done with deliberate indifference to the rights of Decedent and others in his position.

65. The constitutionally infirm lack of adequate training, supervision, and discipline as to the TTDF staff caused Plaintiff to suffer damages according to proof at the time of trial.

66. Plaintiff is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

67. In committing the acts and omissions described above, Plaintiff is informed and believes Defendants acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against Defendants in an amount according to proof at time of trial.

### FIFTH CAUSE OF ACTION
### Violation of Cal. Gov. Code § 845.6
### (Against all Defendants and DOES 2-100, inclusive)

68. Plaintiff hereby re-alleges all prior paragraphs of this Complaint and incorporates by reference as though fully set forth herein.

69. By virtue of the foregoing, Defendants failed to summon immediate medical attention for Decedent who was in need of medical care at least by the prior evening when he failed to attend the dinner meal.

70. As a direct and proximate cause of the aforementioned acts or inaction of Defendants, Plaintiff were injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.       For general damages in the sum according to proof at the time of trial for Decedent's conscious pain and suffering pre-death and Plaintiff's wrongful death losses for the demise of his son;

---

11
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

2.     For special damages in a sum according to proof at the time of trial;

3.     For an award of interest, including prejudgment interest, at the legal rate;

4.     For costs of suit and reasonable attorneys' fees as provided by law, including, but not limited to 42 U.S.C. § 1983;

5.     For punitive damages as provided by law, including, but not limited to 42 U.S.C. § 1983 against individual Defendants Deputy Steele, Deputy Cruz and medical personnel DOES 2-75 in an amount according to proof at the time trial;

6.     Any other and further relief that the court deems just, proper and appropriate.


Dated:  May 14, 2020                              JAVAHERI & YAHOUDAI




                                        By:    _R Bret Beattie_____
                                               R. BRET BEATTIE, ESQ.
                                               Attorney for Plaintiff,
                                               PETER WOODS, individually and as
                                               heir and personal representative of THE ESTATE
                                               OF LEWIS NYARECHA